UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHERINE A. ORCUTT,<br><br>                          Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                          Defendant. | Case No. 2:15-02474-JCM-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – Dkt. #1) |

Plaintiff Catherine A. Orcutt has submitted an Application to Proceed *In Forma Pauperis* (Dkt. #1) pursuant to 28 U.S.C. § 1915 along with a Complaint (Dkt. #1-2). This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 and 1-9 of the Local Rules of Practice.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Ms. Orcutt's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. The Court will now review the Complaint.

**II.    SCREENING THE COMPLAINT**

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of 28 U.S.C. § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim

- 1 -

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether a plaintiff states a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Ms. Orcutt's Complaint challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits under the Social Security Act. *See* Compl. (Dkt. #1-2) ¶ 1. To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr*, 652 F.3d at 1216. Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015).

/ / /

///

## A. Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, she can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404, 416.

In this case, Ms. Orcutt alleges that on October 23, 2015, the Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Commissioner. *See* Compl. ¶ 2. Thus, it appears she has exhausted her administrative remedies. Once a plaintiff has exhausted her administrative remedies, she can obtain review of an SSA decision denying benefits by commencing a civil action within 60 days after notice of a final decision. *See* 20 C.F.R. §§ 404, 416.[1] An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which a plaintiff resides. *Id.* Here, Ms. Orcutt timely commenced this action as the Complaint was filed on December 24, 2015, and the Complaint indicates that she resides within the District of Nevada. *See* Compl. ¶ 1. Accordingly, she has satisfied these prerequisites for judicial review.

## B. Grounds for Ms. Orcutt's Appeal and the Nature of the Disability

Ms. Orcutt's Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the Court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review

---

[1] The SSA allows 5 days for mailing. *See, e.g.*, SSA Letter of Final Decision (Dkt. #1-2).

of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In her Complaint, Ms. Orcutt contends that she "is disabled as a result of her medically severe impairments of degenerative disc disease of the thoracic spine, and moderate degenerative changes of the cervical spine." *See* Compl. ¶ 7. She alleges she became disabled on April 5, 2007. *Id*. Ms. Orcutt asserts that the SSA's conclusions and findings of fact "are not supported by substantial evidence and are contrary to law and regulation." *Id*. ¶ 8. Specifically, Ms. Orcutt disagrees with the SSA's decision as it "failed to comply with the opinion evidence in this case, evaluating credibility, and supporting the finding" that she is not disabled. *Id*. The Complaint contains sufficient allegations of underlying facts to give the Defendant fair notice of Ms. Orcutt's disagreement with the SSA's final determination. The Court therefore finds that her Complaint states a claim for initial screening purposes under 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff Catherine A. Orcutt's Application to Proceed *In Forma Pauperis* (Dkt. #1) is **GRANTED**. She shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Ms. Orcutt is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint and issue summons to the United States Attorney for the District of Nevada and deliver a copy of the summons and Complaint to the U.S. Marshal for service.

4. Ms. Orcutt shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Amended Complaint by certified mail to: (1)

Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

5. Following the filing of an answer, the Court will issue a scheduling order setting a briefing schedule.

6. From this point forward, Ms. Orcutt shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for the court's consideration.  Ms. Orcutt shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge or the Clerk that fails to include a certificate of service.

Dated this 4th day of February, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE