# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHERINE A. ORCUTT, | Case No. 2:15-CV-2474 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| NANCY A BERRYHILL, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Leen's report and recommendation ("R&R"). (ECF No. 25). Defendant Carolyn Colvin ("defendant") filed an objection (ECF No. 26), to which plaintiff Catherine Orcutt ("plaintiff") replied (ECF No. 27).

Also before the court is plaintiff's motion to remand. (ECF No. 19). Defendant filed a response (ECF No. 22), to which plaintiff replied (ECF No. 23).

Also before the court is defendant's motion to affirm (ECF No. 24). Plaintiff did not file a response, and the time to do so has passed.

**I.  Facts**

The parties do not object to the factual presentation in the R&R. Rather, defendant objects to Magistrate Judge Leen's legal analysis with respect to the pertinent facts. *See* (ECF No. 26). Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

**II.  Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);

**James C. Mahan**
**U.S. District Judge**

LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

### III. Discussion

Because defendant's objections to Magistrate Judge Leen's R&R are so expansive, covering nearly every point of legal analysis contained therein, the court will conduct a *de novo* review of the underlying motions to remand (ECF No. 19) and to affirm (ECF No. 24). *See* 28 U.S.C. § 636(b)(1).

In her motion to remand, plaintiff argues that the administrative law judge ("ALJ") made three reversible errors. (ECF No. 19-1). First, plaintiff asserts that the ALJ's residual functional capacity determination is unsupported by substantial evidence. *Id.* Second, plaintiff asserts that the ALJ's "credibility assessment is unsupported by substantial evidence because the ALJ erred in considering the required factors." *Id.* Finally, plaintiff asserts that the ALJ erred in eliciting vocational testimony from a vocational expert that was based upon an "incomplete" hypothetical question. *Id.* The court will address each of the alleged errors in turn.

*a. The residual functional capacity determination*

In her motion, plaintiff argues that the ALJ erroneously discounted the opinions of her treating physicians in favor of an opinion from a non-examining state agency physician without providing adequate reasons for the weight accorded to each source. (ECF No. 19-1). Plaintiff asserts that this miscalculation resulted in a "residual functional capacity" determination that was unsupported by substantial evidence in the record. *Id.*

Specifically, plaintiff takes issue with the ALJ's finding that plaintiff's admitted activities of daily living and part-time work were inconsistent with treating physician Dr. Robinson's opinion that plaintiff was disabled. *Id.* Plaintiff argues that this finding is unsupported by the record and is impermissibly vague. *Id.*

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1194–95 (9th Cir. 2004) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)) (quotations omitted). When an ALJ decides to disregard the opinion of a treating physician, he must give specific, legitimate reasons for doing so. *Id.* at 1195. Such reasons may include the existence of conflicting medical opinions or objective medical evidence, or that the treating physician's opinion is conclusory, vague, and unsupported by the record as a whole. *Id.*

Here, the ALJ noted that Dr. Robinson's opinion was contradicted not only by the opinions of other examining physicians and the objective medical evidence, but also by his own medical findings. (ECF No. 16-1 at 491). Indeed, the ALJ noted that "Dr. Robinson's physical examinations consistently reveal normal motor strength and normal sensory response." *Id.*

Moreover, the ALJ found that Dr. Robinson's conclusion that plaintiff is disabled was "out of proportion" to plaintiff's admitted activities of daily living, as well as her physicians' suggested course of non-invasive treatment. *Id.* at 491–92. Finally, the ALJ found that Dr. Robinson's report failed to list any specific limitations that applied to plaintiff, and ultimately found his opinions to be vague and entitled to "very little weight overall." *Id.* at 491.

Based on the foregoing, the court finds that the ALJ's stated reasons for discrediting Dr. Robinson's opinion were not impermissibly vague or unsupported by substantial evidence in the record. Accordingly, the court holds that the ALJ did not err in rejecting Dr. Robinson's opinion.

    *b. The plaintiff's credibility assessment*

Plaintiff submits that the ALJ erred in discrediting plaintiff's own testimony because the ALJ failed to consider the "legally required factors." (ECF No. 19-1). Specifically, plaintiff

asserts that the ALJ made the impermissible inference that, because plaintiff's doctors did not recommend surgery to treat her impairments, plaintiff's symptoms were not as severe as she alleged. *Id.* Plaintiff concludes that the ALJ's credibility determination is therefore unsupported by substantial evidence. *Id.*

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step prescribed by *Smolen*, which is sometimes known as the *Cotton* test, the claimant must produce objective medical evidence of underlying "impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Id.* at 1281-82. If this *Cotton* test is satisfied, and if the ALJ's credibility analysis of the claimant's testimony shows no malingering, then the ALJ may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id.* at 1284.

The parties do not dispute that plaintiff satisfied the first step prescribed by *Smolen*. *See* (ECF Nos. 19, 24). Therefore, the court proceeds to the second step.

"When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." *Batson*, 359 F.3d at 1196 (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Important to the ALJ's decision in assigning little probative weight to plaintiff's testimony were his observations that plaintiff's medications and treatment plan had controlled her symptoms, and that her "protestations to the contrary" were not demonstrated by the objective medical evidence. (ECF No. 16-1 at 493).

Moreover, the ALJ noted inconsistencies in plaintiff's testimony that tended to diminish her credibility. *Id. See Light v. Social Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997) ("To find the claimant not credible the ALJ [may] rely . . . on internal contradictions in that testimony."). Specifically, the ALJ took note of plaintiff's testimony that she had sought other accounting jobs, which contradicted her claim that her impairments prohibited all work. (ECF No. 16-1 at 493). The ALJ also considered plaintiff's testimony that while she performs some housework, her husband, who receives disability for multiple sclerosis, performs the "heavy work" around the

house. *Id.* The ALJ found plaintiff's claim that her disabled husband performs the "heavy work" not credible, thus further diminishing her overall credibility.

Ultimately, the ALJ found that the claimant's daily living activities in conjunction with the medical evidence "demonstrating minimal abnormalities" negated plaintiff's testimony regarding her functional limitations. *Id.* at 494. Nevertheless, the ALJ afforded plaintiff the "maximum benefit of the doubt on the issue," and determined that plaintiff was capable of performing sedentary work, despite examining physician Dr. Cestowski's opinion that that plaintiff's residual functional capacity is for light work. *Id.*

The court finds that the ALJ made specific findings stating clear and convincing reasons for discounting plaintiff's testimony. Accordingly, the court holds that the ALJ did not commit reversible error in his determination as to the credibility of plaintiff's testimony.

*c. The vocational expert testimony*

"Step 4" of the sequential evaluation process undertaken by ALJs in social security cases requires the ALJ to determine whether the claimant has the residual functional capacity to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520(f). Plaintiff argues that the ALJ erred in relying on the testimony of a vocational expert that was elicited in response to an "incomplete hypothetical question." (ECF No. 19-1).

Plaintiff submits that, because the ALJ erred in determining plaintiff's residual functional capacity and her overall credibility as to the severity of her impairments, the vocational expert was made to rely on erroneous background information in making a determination as to plaintiff's capacity to work. *Id.* Therefore, to the extent that the ALJ relied upon the vocational expert's opinion, plaintiff asserts that such reliance was in error. *Id.*

Plaintiff's argument on this point presupposes that the ALJ erred in making his residual functional capacity determination. However, because the court has already held that the ALJ did not err in that regard, the court finds plaintiff's argument to be without merit. Accordingly, because plaintiff has not provided sufficient grounds for vacating the ALJ's decision, the court will deny plaintiff's motion to remand and grant defendant's motion to affirm.

**James C. Mahan**
**U.S. District Judge**

- 5 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Leen's R&R (ECF No. 25) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion to remand (ECF No. 19) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to affirm (ECF No. 24) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED March 26, 2019.

_____
UNITED STATES DISTRICT JUDGE